[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellee, the city of Cincinnati ("the City"), filed a complaint against defendant-appellant, Kathleene Steinmetz, seeking to recover unpaid fines for violations of the Cincinnati Building Code on property owned by Steinmetz. Upon Steinmetz's admission that she had not paid the fines assessed against her in full, the trial court entered summary judgment in favor of the City.
{¶ 3} In her pro se appeal, Steinmetz essentially brings forth two assignments of error. In her first assignment of error, Steinmetz asserts that the trial court erred in entering summary judgment in favor of the City. Steinmetz contends that it was not her neglect that had caused the building to fall into disrepair, but the actions of a former tenant that had caused the damage. We sympathize with Steinmetz, but unfortunately, at this point in the proceedings, Steinmetz may not relitigate whether the tenant was responsible for the damage to the building and thus whether Steinmetz should have been fined for the building-code violations.
{¶ 4} The record presented for our review demonstrates that Steinmetz had participated in an administrative hearing and had argued that the tenant was solely responsible for the damage to the building. The board disagreed and fined her for several violations of the City's building code. Unfortunately, Steinmetz did not appeal the administrative board's decision to the common pleas court. Under these circumstances, Steinmetz's time to appeal the administration's decision has run, and she cannot now ask this court to reverse that decision. Thus, the only issue before this court is whether Steinmetz had paid the fines assessed against her in full. Because Steinmetz admitted that she had not paid the fines in full, there was no dispute over that issue in this case, and, thus, the trial court properly entered summary judgment in favor of the City.[1] The first assignment of error is overruled.
{¶ 5} In her second assignment of error, Steinmetz asserts that the City selectively enforced its building code against her in violation of the United States and Ohio Constitutions. Steinmetz maintains that other owners of buildings near her property were not prosecuted for violating the City's building code even though their buildings were in disrepair.
{¶ 6} Steinmetz's building was inspected in response to a phone complaint by one of Steinmetz's tenants. Merely inspecting a building in response to a complaint by a tenant was not selective enforcement of the City's building code against Steinmetz. "The conscious exercise of some selectivity in enforcing a statute fair on its face is not unconstitutional in itself. Proof of selective enforcement requires evidence of actual discrimination due to invidious motives or bad faith."[2] Here, there was no evidence presented to demonstrate discrimination. Accordingly, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] See Civ.R. 56(C).
[2] Cleveland v. Ksiezyk (Nov. 1, 2001), 8th Dist. No. 79220, citingState ex rel. Celebrezze v. Thermal-Tron (1992), 71 Ohio App.3d 11, 18,592 N.E.2d 912.